UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FELIPE VALENCIA,

       Plaintiff,                                   Hon. Janet T. Neff

v.                                                       Case No. 1:19-cv-1020

GUN LAKE CASINO,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 7). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this matter be terminated.

## BACKGROUND

Plaintiff initiated this action on December 4, 2019, against the Gun Lake Casino. (ECF No. 1). He alleges that, on an unspecified date, he "hit the jackpot . . . 4 times" at the casino, entitling him to $20,000 in winnings. Plaintiff alleges that casino officials accused him of being "drunk and disorderly in public" because "they didn't want to pay" him his winnings. (ECF No. 1, PageID.2). Plaintiff asserts that Defendant subjected him to discrimination. (*Id.* at PageID.2). Defendant now moves to dismiss this action for lack of subject matter jurisdiction.

1

## ANALYSIS

Unlike state courts, which are courts of general jurisdiction, federal courts are courts of limited jurisdiction. This Court possesses the jurisdiction to resolve "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987). The Court also possesses jurisdiction to resolve civil claims between citizens of different states where the amount in dispute exceeds $75,000. 28 U.S.C. § 1332.

The burden of demonstrating that a federal district court has jurisdiction falls to the party asserting that jurisdiction exists. "[I]t is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008). "[W]hen subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss." *Madison–Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir. 1996).

### A.  Federal Question Jurisdiction

The essence of Plaintiff's claim is that Defendant failed to pay him his gambling winnings. This claim appears to lie within state tort law. Plaintiff has failed to identify, and the Court is unaware of, authority that such a claim arises

under the laws, treaties, or Constitution of the United States. Accordingly, the undersigned finds that Plaintiff's complaint fails to establish that federal question jurisdiction properly exists in this matter.[1]

### B. Diversity Jurisdiction

To properly invoke diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff must allege that he and Defendant are citizens of different states and that the amount in controversy is greater than $75,000.

Plaintiff does not allege damages beyond the $20,000 he claims in unpaid gambling winnings. Plaintiff also makes no allegation regarding his own or Defendant's citizenship. While Plaintiff appears to be a Michigan citizen, Defendant argues that, as an "arm of the tribe," it is not a citizen of any state for diversity purposes. It seems clear that the tribe itself is not subject to diversity jurisdiction. *See, e.g., Frazier v. Brophy*, 358 Fed. Appx. 212, 213 (2d Cir., Oct. 8, 2009) ("[An Indian tribe is not a citizen of any state for the purposes of diversity jurisdiction."). But the question whether the casino, as an "arm of the tribe," likewise cannot be subject to diversity jurisdiction is less clear. The Court need not resolve this question, however. Regardless of Defendant's citizenship, Plaintiff has failed to establish that the amount in controversy in this matter exceeds $75,000. Accordingly, Plaintiff has failed to establish that this Court can exercise diversity jurisdiction in this matter.

---

[1] The Court recognizes that Plaintiff's complaint contains allegations against the police officers who subsequently removed him from the casino. For example, Plaintiff alleges that these officers subjected him to "a discriminat[ion]." These allegations, however, are not presently relevant as the officers in question are not parties to this case.

3

C.     **Tribal Sovereign Immunity**

Defendant also argues that tribal sovereign immunity precludes federal court jurisdiction. Courts may determine challenges to subject matter jurisdiction by a facial assessment of the plaintiff's complaint or by inquiring "into the factual predicates for jurisdiction." *Howard v. Whitbeck,* 382 F.3d 633, 636 (6th Cir.2004). To determine whether tribal sovereign immunity applies in this matter would require the Court to receive evidence and resolve potentially difficult legal questions. Because Plaintiff's complaint, on the question of subject matter jurisdiction, is so clearly facially deficient, the Court declines to address the question of tribal sovereign immunity.

## CONCLUSION

For the reasons articulated herein, the undersigned finds that Plaintiff has failed to meet his burden to establish that this Court can properly exercise subject matter jurisdiction in this matter. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 7) be granted and this matter terminated.

For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *See Coppedge v. United States,* 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                Respectfully submitted,

Date: July 27, 2020                /s/ Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge